[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 116.]

COLUMBUS BAR ASSOCIATION *v*. SLADOJE.

[Cite as *Columbus Bar Assn. v. Sladoje*, 2002-Ohio-5350.]

*Attorneys at law—Misconduct—One-year suspension with six months of sanction stayed on condition that attorney commit no further violations of the Disciplinary Rules—Communicating with another attorney's clients without that attorney's knowledge—Advising client that she could avoid responsibility for her unauthorized disposal of estate assets by leaving the probate court's territorial jurisdiction.*

(No. 2002-0691—Submitted July 24, 2002—Decided October 16, 2002.)

On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-47.

_____

**Per Curiam.**

{¶1} In this case, we must decide the sanction for a probate attorney who communicated with another attorney's clients without that attorney's knowledge and later advised his client that she could avoid responsibility for her unauthorized disposal of estate assets by leaving the probate court's territorial jurisdiction.

{¶2} The Board of Commissioners on Grievances and Discipline found that respondent, Mark Sladoje Jr. of Las Vegas, Nevada, Attorney Registration No. 0024811, had committed this conduct and thereby violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), (5) (engaging in conduct prejudicial to the administration of justice), and (6) (engaging in conduct adversely reflecting on fitness to practice law); 7-102(A)(5) (knowingly making a false statement of fact) and (7) (counseling a client in illegal or fraudulent conduct); 7-104(A)(1) (communicating with a represented party); and 7-106(A) (disregarding a tribunal's ruling). The board recommended that respondent be

suspended from the practice of law in Ohio for one year, but that six months of this period be stayed. We agree with the board's findings and recommendation.

{¶3} Respondent was retained in 1996 to represent a client in the administration of her ex-husband's estate. The client and her ex-husband had divorced in 1995; however, they continued to live together, and the ex-husband never changed his will to remove her as the principal beneficiary. As a result of their divorce, the ex-husband's testamentary bequest to his former wife became invalid under R.C. 2107.33 when he died in May 1996.

{¶4} When the client initially approached respondent about representing her, he advised her that she had lost her rights as a beneficiary and would probably not succeed in a will contest. However, upon learning that the client was on fairly good terms with her ex-husband's sons, who stood to inherit in her place, respondent also suggested that she and the sons might agree to another division of the estate assets. Respondent, who at that time did not yet consider himself to have been formally retained, offered to represent the client in the administration of her ex-husband's estate in the event such an agreement was reached.

{¶5} Thereafter, the client arranged for the two sons to meet at respondent's office. The client brought with her to the meeting a contract providing for the estate assets to be divided between all three of them and for the sons' resignation as coexecutors of the estate. After some additional negotiating outside respondent's presence, the client and the sons executed the agreement, which had been prepared with respondent's assistance. At some point during this meeting, respondent discovered that the sons were represented by counsel; however, he did not consult the sons' attorney at all before allowing them to execute the agreement with their ex-stepmother.

{¶6} Respondent then prepared various documents asking the probate court to appoint his client the successor executor in accordance with the agreement between her and her ex-husband's sons. The probate court made the appointment,

and respondent and his client began to administer the estate, including disbursing the assets. In the meantime, the sons' attorney advised the probate court of his objections to the agreement, and, on his motion, the probate court set the agreement aside and appointed an independent executor to replace respondent's client. Respondent received notice of this order, but he believed that the probate court's order was absolutely void for lack of jurisdiction and advised his client that she could ignore the judgment entry and continue to disburse assets in her capacity as estate executor.

{¶7} The probate court eventually found that respondent's client had distributed over $30,000 in estate assets without authority, and it ordered the successor executor to pursue collection remedies against respondent's client to regain those assets. Under the threat of these proceedings, respondent's client asked him what she could do. Respondent advised his client that she was free to leave the state. In fact, he recommended Texas or Florida because of the difficulty in collecting judgments in those states.

{¶8} On June 11, 2001, relator, Columbus Bar Association, filed a complaint charging that respondent had violated the Code of Professional Responsibility. A panel of the board heard the cause, found the facts as stated, and concluded that respondent had violated the cited Disciplinary Rules. In making its recommendation, the panel considered that respondent had not been the subject of prior disciplinary proceedings and that he was completely forthcoming and cooperative during the disciplinary process. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline. The panel recommended that respondent be suspended from the practice of law for one year for his misconduct, but that six months of this sanction be suspended. The board adopted the panel's findings and recommendation.

**{¶9}** Contrary to respondent's objections to the board's decision, we find ample evidence from which the board could make its findings of misconduct. Thus, we agree that respondent violated DR 1-102(A)(4), (5), and (6); 7-102(A)(5) and (7); 7-104(A)(1); and 7-106(A). We also agree that the board's recommended sanction is appropriate. Respondent is therefore suspended from the practice of law in Ohio for one year; however, six months of this sanction are stayed on the condition that he commit no further violations of the Disciplinary Rules. Costs are taxed to respondent.

Judgment accordingly.

DOUGLAS, RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and PFEIFER, J., dissent.

————————————

**MOYER, C.J., dissenting.**

**{¶10}** I would suspend respondent for one year and would not stay any part of the suspension.

PFEIFER, J., concurs in the foregoing dissenting opinion.

————————————

Susan C. Walker, Jack G. Gibbs Jr., Bruce A. Campbell, Bar Counsel, and Jill M. Snitcher McQuain, Assistant Bar Counsel, for relator.

Dwight Alan Teegardin, for respondent.

————————————

4